KIRBY *v.* VANTRECE, ET AL.

DOWER—Under the former territorial statute, to sustain the right of dower, the husband must have had a strict *legal title*—but under the late statute, it is only necessary that he be *seized* of an estate of inheritance.

*To what estate attaches.*—A valid purchase and continuous possession by a party, for the space of eleven years or more, without deed, will be deemed quite sufficient to perfect his legal title; and though his legal title be not perfected by prescription or limitation, yet if he have so perfect an equity as to entitle him to a legal title in fee, whenever demanded, he would, in the language of the statute, be "seized of an estate of inheritance," to which the right of dower would attach upon his death.

*Appeal from Hot Spring Circuit Court.*

HON. JOHN WHYTOCK, Circuit Judge.

*Watkins & Rose,* for appellant.

Appellant was entitled to dower—her husband bought the land in 1857, and died in possession of same. The proceeds which he used to pay for the lands belonged to him. *Walker's A. M. Law, 238; 2 Erle & J. 81; 1 Har. & G. 276; 1 Comst. 473; 8 Page 137; 3 Barb. Chy. 169; 15 Ark. 180.* Kirby had an "equitable fee," and in such a widow is endowable. *Sec. 2 chap. 11, New Dig.; Adams' Eq. 140; 1 Jones N. C. 430.*

*Gallagher, Newton & Hempstead,* for appellee.

A widow is not entitled to dower in the equitable estate of her husband in lands. *Blakely v. Furgeson, 20 Ark. 552–53,* and cases there cited. *Thorn v. Ingram, 25 Ark. 52.* The purchase by William P. Kirby, created a *resulting trust* in favor of Abernatha Kirby. *Hill on Trustees, p. 91; 4 Kent Com. p. 305; Tiffany & But's Trusts & Trustees, p. 20, et seq.; Ferguson v. Williamson, 20 Ark. 292.* And such trust is not within the statute of frauds. *McGuire v. Ramsey, 9 Ark. 518.* There was not such a reduction to possession of the wife's interest, in

the Stribling estate, as to give Kirby a right thereto.   *Moss v. Ashbrook, 20 Ark. 128.*

GREGG, J.

This suit, commenced by an application, on the part of the appellant, to the probate court of Hot Spring county, for dower in three hundred and seventy and 7-100 acres of land, of which she alleged her late husband, William P. Kirby, died seized and possessed.

Some of the defendants disputed her right of dower in the NE. NE. of section 3, township 5, south of range 18 west, containing 44 55-100 acres, part of the lands claimed by her.

It appears that William P. Kirby first married Abernatha, the daughter of Robert Stribling, by whom he had one child, the defendant, James R. Kirby; that said Stribling died, seized and possessed of real estate and slave property worth over $12,000, of which, the last named 44 55-100 acres was a part; that at a sale of the property of said Stribling, made under a decree of court, January 1, 1857, William P. Kirby bid off this piece of land at $100, and in payment thereof gave a receipt for that amount, of what was due his wife, Abernatha, as an heir.   He received no deed for the land, but then took it into possession and held it up to May 22, 1869, the date of his death. After he went into possession of this land Abernatha died, and he married the appellant, by whom he had other children, and with whom he cohabited up to his death.

There was some evidence tending to show that William P. Kirby, in his lifetime, intended this piece of land for the sole use of James R.; on the other hand, there was evidence tending to show that he wanted his widow to reside on this land, and there raise his children.   This, however is not material.

This cause, by consent, was transferred to and heard in the chancery court of that county, and the appellant's bill, as to

the said 44$\frac{55}{100}$ acres of land, was dismissed, and a decree rendered against her for costs, from which she appealed to this court.

In the case of *Blakeney et al v. Furguson et al, 20 Ark., 553,* this court held that Mrs. Furguson was not entitled to dower in certain lands, of which her husband died possessed, which lands had been purchased at tax sale, and no deed ever made to him. But this ruling, and some other cases, was under territorial statute, which provided that a widow should be endowed where her "husband was seized and possessed of lands during coverture, either by virtue of a deed, patent, entry, warrant or survey, and to which she has not relinquished her right," etc., while the statute, in force during the transaction now under consideration, provides that "the widow shall be endowed of the third part of all the lands whereof the husband was seized of an estate of inheritance at any time during the marriage,". etc.

Under the former statute, to sustain the right of dower, the husband must have had a strict legal title; under the latter statute, it is only necessary that he be seized of an estate of inheritance—a distinction that the chancellor, in the haste of circuit practice, seems to have overlooked.

It can readily be seen, by reference to *Vol. 1 Scribner on Dower, 402,* that, in a large proportion of the States, a widow is entitled to dower in equitable estates. *Rowton v. Rowton, 1 Henning & Munford, 91; Thompson v. Thompson; 1 Jones, N. C. 430.*

But to assume that a perfect equity, alone, is not sufficient to pass a right of dower, would not be sufficient to defeat this appellant. Her husband, as appears by the record, went into possession under a valid purchase, and held continuous possession for over eleven years, which we deem quite sufficient to perfect his legal title, and her right to dower certainly could not be made to depend upon the manner in which her husband acquired legal title. *2 Scribner on Dower, 61-2.*

Had this suit sprung up before Kirby's right, by prescrip-

tion or limitation, ripened into a full legal title, he had so perfect an equity as entitled him to a legal title in fee, whenever demanded; and thus, being for years the actual owner, and possessed of these lands, certainly, in the language of the statute, he was "seized of an estate of inheritance," to which the right of dower attached.

We are, therefore, of opinion that the chancery court below erred in dismissing the appellant's petition and decreeing costs against her; and, for this error, the decree of that court is reversed, and this cause remanded, with directions to sustain said petition, and to proceed to have dower assigned said appellant, according to law and not inconsistent with this opinion.