## LONG *et al.* v. EARLY *et al.*

No. 4569.   Opinion Filed July 6, 1915.

Rehearing Denied February 29, 1916.

(155 Pac. 538.)

**JUDGMENT—Res Adjudicata—Subsequent Action.** A judgment rendered by a court having jurisdiction of the subject-matter and the parties, on the merits, is a bar to any future suit between the same parties, or their privies, upon the same cause of action, in the same or another court, so long as it remains unreversed and not in any way vacated or annulled.

(Syllabus by Brett, C.)

*Error from District Court, Wagoner County;*
*R. P. de Graffenried, Judge.*

Action by W. E. Early and another against Wm. E. Long and another. Judgment for plaintiffs, and defendants bring error.   Modified and affirmed.

*Watts & Watts* and *Alvin F. Molony,* for plaintiffs in error.

*W. D. Halfhill, S. T. Wiggins,* and *M. H. Martin,* for defendants in error.

Opinion by BRETT, C.   This suit was filed in the district court of Wagoner county by W. E. Early and F. E. Early as plaintiffs in that court, against Wm. E. Long and H. L. Storm as defendants in that court, and the parties will be referred to in this opinion as they appeared in the lower court.   The suit was brought to collect two notes made by Storm to the plaintiffs, which are alleged to represent the balance due on the purchase price of certain real estate, described in the petition, which was purchased in 1910 by Storm from plaintiffs, and it is also sought by proper pleadings to have the amount declared a

vendor's lien upon said real estate. Storm filed a separate answer, admitting the execution of the notes, and admitting plaintiffs were entitled to judgment for the amount of the notes and interest due thereon. Long also filed a separate answer, and among other things alleges he is the owner of the real estate involved, that he purchased it from Storm, and pleads that that part of the petition which seeks to impress a vendor's lien upon said real estate is *res adjudicata*, that that issue had been tried and adjudicated in a former suit between the same parties, in the same court, and that in the former suit the plaintiffs sought to impress a vendor's lien upon the same real estate, for the same indebtedness now sued for.

The pleadings were framed and completed along this line. The cause was submitted to the court, without a jury (but we perhaps should say that between the trial of the first case and the one at bar there had been a change of judges), who rendered judgment for plaintiffs against Storm, for the amount of the notes, and decreed a vendor's lien upon the real estate of Long, for the amount of the judgment, and also for a foreclosure of same. Defendants appeal from that judgment and decree to this court.

There are four assignments of error, but the only question in the case is whether or not the decree granting the vendor's lien is *res adjudicata*. The defendants contend that it is. The plaintiffs insist with equal earnestness that it is not, and plaintiffs base their contention that it is not *res adjudicata* largely, but not entirely, upon the statement that the former suit was one for cancellation, in which they sued to cancel the deed from themselves to Storm, and the deed from Storm to Long. And they contend that the prayer in the petition in that case "is

the only place where a vendor's lien is mentioned, and the. prayer," plaintiffs continue, "is no part of the petition or complaint."

It is true that the petition did seek to cancel the deeds, but an examination of the petition also reveals that they pleaded everything necessary under the statute to acquire a vendor's lien, and prayed alternately for the cancellation of the deeds, or a decree giving them a vendor's lien upon the land. The petition is very long, and we shall not copy it, but, as an illustration of its tenor, in paragraph IX appears the following language:

"Plaintiff further avers that the notes which are unsecured and which were given by said Storm for the purchase price of plaintiff's land are utterly worthless," etc.

And paragraphs V and VI plead at length facts alleging that Long took his deed from Storm with full knowledge and notice that the purchase price had not been paid. Under our statutes those are the essential allegations in a petition for a vendor's lien.

Section 4137, Comp. Laws 1909, reads:

"One who sells real property has a special or vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured, otherwise than by the personal obligation of the buyer, subject to the rights of purchasers and incumbrances, in good faith, without notice."

An analysis of the pleading above, as a whole, we think, brings it clearly within this statute. Plaintiffs plead the notes were given by Storm for the purchase price of plaintiffs' land; that they are unsecured; that plaintiffs have only the personal obligation of Storm, the buyer; and that Long took his deed from Storm with notice and

full knowledge that the purchase price had not been paid. We do not understand how it could be maintained, under that pleading, coupled with the prayer for a vendor's lien, that that issue was not before the court. And the judgment of the court in that case is in part as follows:

"The court further finds that by the deed from the defendant Storm to defendant Long he conveyed all right, title and interest in and to the land herein described, and that the defendant Long is at this time the owner of said land.

"It is therefore considered, ordered and adjudged that plaintiffs take nothing by their petition; that the defendant William E. Long have judgment against plaintiffs for all right, title and interest in and to the S. E. ¼ of N. W. ¼ of section 13, township 17 north, range 18 east, Wagoner county, Okla., and for costs of this action."

That judgment might have been wrong, and in our opinion it was, but whether it was or not, the plaintiffs allowed it to become final. And it is under the law a bar to this action, and prohibits plaintiffs from litigating that question again. 1 Freeman on Judgments, sec. 249, states:

"To render a matter *res judicata*, it is not essential that it should have been distinctly and specifically put in issue by the pleadings. It is sufficient that it be shown to have been tried and settled in the former suit. When a matter is once adjudicated, it is conclusively determined as between the same parties and their privies, and this determination is binding as an estoppel, in all other actions, whether commenced before or after the action in which the adjudication was made. The effect of a judgment as *res judicata* is not limited nor enlarged by the reasons given by the court for its rendition, nor by the failure of the court to give its reasons in writing on every point when required to do so by the Constitution of the state. Neither can the force of a judgment as *res judicata* be destroyed or impaired by showing that it was

clearly erroneous, and ought not to have been rendered, whether such error resulted from the court drawing an erroneous conclusion from conceded or established facts, or making a ruling during the progress of the trial whereby evidence was erroneously admitted or excluded, or the law misstated to the jury, or one of the parties was otherwise deprived of the benefit of his cause of action or defense, or of some part thereof. Nor is the effect of a judgment as *res judicata* lessened when the fact that it is erroneous is established by the decision of the highest appellate tribunal in the state, rendered in another action."

*Cromwell v. Sac County*, 94 U. S. 352, 24 L. Ed. 197, lays down the rule clearly in the following language:

"In the former case, the judgment, if rendered upon its merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

This same rule has been repeatedly announced by this court.

The latest opinion on this question is *Earl v. Earl,* 48 Okla. 442, 149 Pac. 1179. The syllabus reads:

"A regular judgment, while it remains in force, is conclusive as to every matter that might have been given in evidence on the issues raised by the pleadings." *Prince v. Gosnell*, 47 Okla. 570, 149 Pac. 1162; *Wiley v. Edmondson*, 43 Okla. 1, 133 Pac. 38; *Woodworth v. Hennessey*, 32 Okla. 267, 122 Pac. 224; *Cowan v. Maxwell*, 27 Okla. 87, 111 Pac. 388; *El Reno v. Cleveland-Trinidad Pav. Co.*, 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650; *Farmers' State Bank v. Stephenson*, 23 Okla. 695, 102 Pac. 992; *Pettis v. McLain*, 21 Okla. 521, 98 Pac. 927; *Thurston v. Washington*, 18 Okla. 362, 90 Pac. 16; *Pratt v. Ratliff*, 10 Okla. 168, 61 Pac. 523.

We think there is no question but that this action is *res judicata* on the question of a vendor's lien. We cannot refrain, however, from saying that we regret to reverse the decree in this action, granting the plaintiffs a vendor's lien. But when litigants place themselves outside the pale of the law, they are beyond the reach of this court, and we are powerless to protect their rights.

And we are forced to recommend that the judgment and decree be modified, denying plaintiffs a vendor's lien upon the real estate, and the foreclosure thereof, and, as modified, that the judgment be affirmed.

By the Court: It is so ordered.