### GRAY *et al.* v. GRAY *et al.*

No. 6301.    Opinion Filed May 9, 1916.

(157 Pac. 730.)

1. **PROCESS—Service—Publication—Sufficiency of Affidavit.** "Under the authority of **Ballew et al. v. Young**, 24 Okla. 182, 103 Pac. 623, 23 L. R. A. (N. S.) 1084, and other cases cited in the opinion, the affidavit to procure service of summons by publication is **held** sufficient."

2. **JUDGMENT—Validity—Pleading and Proof.** The court having jurisdiction of the parties and the subject-matter and the judgment being within the allegations of the petition, the same is not void on its face, and, not having been appealed from, nor any motion made to vacate the same within the statutory time, has become final and conclusive as to the rights of all parties.

(Syllabus by Hooker, C.)

*Error from District Court, Custer County;*
*James R. Tolbert, Judge.*

Action by Daniel Gray and others against Spencer Gray and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

*Geo. T. Webster,* for plaintiffs in error.

*Massingale & Duff,* for defendants in error.

Opinion by HOOKER, C.    On February 13, 1905,
Daniel Gray filed his petition in the district court of Custer
county, Okla., against Spencer Gray *et al.*, which alleged
that said Daniel Gray was the owner of and in the peace-
ful possession of the real estate involved therein, and that
the defendants, Spencer Gray *et al.*, wrongfully claimed
some title and interest in and to said land adverse to
plaintiff, and that the nature of the claim of the defend-
ants arose from the following state of facts:    That "said
tract of land was formerly the homestead of said Nancy
Gray, who died about the 29th day of May, 1898, leaving
a last will and testament  *  *  *  by the terms of which
she bequeathed said real estate to this plaintiff, Daniel
Gray, who was her son, and to each of the other children
a certain sum of money"; that said Nancy Gray left no
husband surviving her, and that her will was duly admit-
ted to probate, and the estate has been settled and closed;
and that each of the children accepted the will and received
the amount of money bequeathed to them thereunder.    It
was further alleged in the petition that the defendants are
the heirs of Nancy Gray, and that the claim of said de-
fendants to said real estate is unjust and constitutes a
cloud upon the title of the plaintiff thereto, and a judg-
ment was sought, seeking to quiet the title of the plaintiff,
Daniel Gray, in and to said property.    An affidavit to ob-
tain service by publication was filed in said action, which,
omitting the caption, is as follows:

"Daniel Gray, of lawful age, being first duly sworn,
says that he is the plaintiff in the above-entitled action;
that said defendants,  *  *  *  and each of them, are non-
residents of the Territory of Oklahoma, and that the plain-
tiff with the exercise of due diligence is unable to make
service of summons upon said defendants with'n said ter-
ritory; that this action is brought for the purpose of

quieting and establishing the plaintiff's title to the [describing the land]  *  *  *  and against the adverse claims of the said defendants and each of them."

Publication notice was duly made, and the defendants named therein were duly served with summons by publication, and thereafter, on the 10th day of April, 1905, the judge of the district court of Custer county rendered a judgment in said action in favor of the said Daniel Gray and against the defendants therein, which quieted the title of the plaintiff in and to said real estate, and which judgment recited that said defendants, and each of them, had been duly notified, more than 41 days prior to the rendition of said judgment, of the pendency of said action as required by law by proper publication, and that the court, after considering the evidence and being advised in the premises, found all of the averments in the petition to be true as therein set forth, and adjudged that the title of the plaintiff in said property be quieted and forever established against said defendants, or either of them, and against any person or persons claiming by or through said defendants, or either of them, and said defendants, and each of them, were thereby restrained and forever enjoined from setting up or claiming or asserting any right, title, or interest in and to said land or any part thereof adverse to the plaintiff. Thereafter, on July 28, 1913, the plaintiffs in error filed their motion to vacate the aforesaid judgment, alleging that the same was void and of no effect. An affidavit accompanied said motion, which alleged that the parties filing the same were the owners of an undivided interest in the real estate involved therein, and that said judgment was obtained by false testimony, and that they had a valid defense to the action, etc. Thereafter, on the 3d day of November, 1913, the defendant in error

Noah J. Mast filed his application to intervene in said action, alleging, among other things, that he had purchased said real estate from said Daniel Gray prior to April 10, 1905, and had paid him full consideration therefor, and had been since that time in possession of the property, and asking that he be permitted to intervene in said action, which permission was granted by the court, and on the 20th day of November, 1913, the motion of the plaintiffs in error to vacate said judgment was denied by the court. It is claimed that the judgment rendered in 1905 is void for the reason that the district court of Custer county never acquired jurisdiction to render said judgment, because the affidavit filed in this action to procure service of summons by publication was defective and insufficient, and for the further reason that the judgment shows upon its face to be void.

It would serve no good purpose to review the decisions of this court upon the sufficiency of affidavits to procure service of summons by publication. For the purpose of this case it is sufficient to say that under the authority of *Ballew v. Young et al.*, 24 Okla. 182, 103 Pac. 623, 23 L. R. A. (N. S.) 1084; *Spaulding v. Polley*, 28 Okla. 764, 115 Pac. 864; *Tolbert v. Bank*, 30 Okla. 403, 121 Pac. 212, and *Richardson v. Howard*, 51 Okla. 240, 151 Pac. 887, we must hold the affidavit in this case sufficient to justify the rendition of the judgment in this action.

Is this judgment void upon its face? Upon an examination of the petition we find that this is an action brought to quiet title under the provision of section 4788 of Wilson's Statutes of 1903, and the petition states a cause of action in form and in substance, and is sufficient to constitute the basis of the judgment rendered in con-

formity with its allegations, and the mere fact that the judgment may be erroneous or the court may have decided certain questions of law incorrectly would not render the judgment void. No appeal was had from this judgment, nor was any motion made within the statutory time to vacate, as provided by section 4281 of Wilson's Statutes of 1903. This being true, the judgment became binding, and conclusively bars the defendants in said action from having said judgment now vacated and set aside.

Having held that the affidavit in this case was and is sufficient to bring said defendants, and each of them, before that court, it was necessary, in order to vacate said judgment, for them to commence their action to vacate within three years, strictly complying with the provisions of the statute, and, having failed so to do, the judgment rendered against them became final, and the lower court did not err in refusing to sustain their motion to vacate.

This cause is therefore affirmed.

By the Court: It is so ordered.