**PETER et al. v. MOZIER et al.**

No. 19144. Opinion Filed June 25, 1929.

Rehearing Denied Oct. 15, 1929.

Cicero I. Murray, Rittenhouse, Lee, Webster & Rittenhouse, for plaintiffs in error.

Melton & Melton, for defendants in error.

DIFFENDAFFER, C. The parties hereto are in the same relation as in the trial court, and they will be referred to herein as plaintiffs and defendants.

Plaintiffs commenced this action in the district court of Grady county on the 2nd day of May, 1927. Plaintiffs seek to recover possession of certain lands situate in Grady county, Okla., described as the S. ½ of sec. 29, twp. 10 north, range 7 west. They also prayed the cancellation of certain deeds by them, separately, purporting to convey said premises to E. H. Peery and T. T. Johnson, who subsequently conveyed to defendant Fred M. Mozier.

Plaintiffs claim title derived as follows: That one Johnson Louis was a full-blood Choctaw Indian, enrolled as such, and that the lands described were allotted to him by and through an application filed by an administrator; that Johnson Louis died intestate in 1903 leaving surviving him as his sole heirs, Susan Louis (now Susan Ishtiker), his wife, and Gilbert Louis, his son; that Gilbert Louis died intestate in 1905, single and without issue, leaving surviving him as his sole heirs, plaintiffs, Lydia Peter and Sibbie Benningfield; that upon the death of Gilbert Louis, the title to the land descended to and become vested in plaintiffs' Sibbie Benningfield and Lydia Peter. The claim of plaintiff Susan Ishtiker is of a dower interest in the land as the surviving spouse of Johnson Louis, the allottee.

Defendants answered, admitting that Johnson Louis was a full-blood Choctaw Indian, and that the lands in question were allotted to him as such; they admit that he died intestate in 1903, and allege that he left surviving him as his sole heirs entitled to inherit said land his son, Gilbert Louis, and David Nakisha, a cousin on his mother's side. They admit that Gilbert Louis died intestate in 1905, and left as his sole surviving heirs at law, plaintiffs Sibbie Benningfield and Lydia Peter. They then plead title to the land by deed from David Nakisha to their remote grantor, T. T. Johnson. They then plead a judgment of the district court of Grady county rendered June 9, 1913, wherein plaintiffs Sibbie Benningfield and

Lydia Peter were plaintiffs, and defendants herein were defendants, decreeing these defendants to be the owner of an undivided one-half interest in the lands, and decreeing plaintiffs Sibbie Benningfield and Lydia Peter to be the owners of the other undivided one-half interest. They further plead that after the rendition of the above judgment, to wit, July 13, 1913, Sibbie Benningfield, by warranty deed, conveyed all her right, title, and interest in the land to E. H. Peery, one of defendants' remote grantors, and allege that said deed was presented to and approved by the county court of McCurtain county, the court having jurisdiction of the settlement of the estate of Johnson Louis, in that he died in that part of the Indian Territory now and then embraced in McCurtain county. They then plead a warranty deed executed by plaintiff Lydia Peter, on the 28th day of April, 1914, conveying her interest in the land to T. T. Johnson, one of their grantors, and plead the approval of this deed by the county court of McCurtain county on the 4th day of May, 1914, and further, that on the 2nd day of February, 1915, in an action then pending in the district court of Grady county, wherein Lydia Peter was plaintiff and these defendants were defendants, a final order and judgment was entered decreeing title to said lands in defendants as against plaintiff Lydia Peter, and that said judgment became final as to plaintiff Lydia Peter. They plead that, on the 9th day of June, 1913, in an action then pending in the district court of Grady county, wherein Lydia Peter was plaintiff and defendants herein were defendants and Susan Ishtiker, one of the plaintiffs herein, was intervener, a final judgment was entered decreeing that Susan Ishtiker had no right, title, or interest in said lands, and that said judgment became final. Copies of the several deeds were not attached, but it was alleged that they were all of record in Grady county. Copies of the approval of the deeds by the county court of McCurtain county were attached, and also copies of the several judgments in the district court of Grady county. Certain allegations were then made that Cicero F. Murray, Olive Murray, C. E. McGoughy, and C. A. Vose were claiming some interest in the land growing out of some kind of a contract between plaintiffs and Cicero I. Murray and Olive B. Murray, which contracts or agreements are of record and cast a cloud upon the title of defendants and asked for an order making said Cicero I. Murray, Olive B. Murray, C. E. McGoughy, and C. A. Vose parties defend-

ant. The latter request was granted and the parties mentioned were made parties defendant.

Plaintiff replied by general denial, except as to such allegations in the answer as are specifically admitted in the reply. They then, in substance, admit the rendition of the several judgments and the execution approval and delivery of the several deeds set up in the answer.

As to the judgment and decree decreeing plaintiff Susan Ishtiker had no right, title, or interest to or in the lands, they attack the judgment and decree as being void on its face in that she, being a duly enrolled full-blood Choctaw Indian, and the surviving spouse of Johnson Louis, also a full-blood Choctaw Indian, enrolled as such, was the owner of a dower interest in the land, and the district court of Grady county was without jurisdiction to decree otherwise. They then attack the validity of the deeds executed by Lydia Peter and Sibbie Benningfield as being void, for the sole reason that they were not approved by the proper county court as provided by the Act of Congress of May 27, 1908, in that administration proceedings in the settlement of the estate of Johnson Louis, the original allottee, were filed in the United States court at Antlers, I. T., prior to statehood, and were pending therein at statehood, and by virtue of the Enabling Act and the Constitution of Oklahoma, the administration proceedings were transferred to and vested in the county court of Pushmataha county, and that the deeds, having been approved by the county court of McCurtain county, were void and of no force or effect to convey the title.

Defendants demurred to these affirmative allegations in the reply, which demurrer was sustained. Plaintiffs elected to stand on the allegations in the reply and declined to plead further, whereupon the cause proceeded to trial, upon the allegations of the answer, resulting in a judgment and decree in favor of defendants Fred M. Mozier and Minnie Mozier, quieting their title to the premises. From this judgment and decree, plaintiffs appeal.

The question presented, involving the validity of the deeds executed by plaintiffs Lydia Peter and Sibbie Benningfield, depends upon the validity and effect of the Act of Congress, April 12, 1926, chap. 115, 44 U. S. Stat. at L. p. 239. The applicable portion of the act reads:

"Provided, that all conveyances by full-blood Indian heirs heretofore approved by the county courts shall be deemed and held to conclusively establish the jurisdiction of such courts to approve the same except where more than one such conveyance of the same interest in the same land has been made by the same Indian to different grantees and approved by county courts of different counties prior to the passage of this act, and except that this proviso shall not affect and may not be pleaded in any suit brought before the approval of this act."

The proviso quoted is assailed by plaintiffs as being unconstitutional and void, in that it attempts to deprive them and others similarly situated, who were full-blood Indians and owners of restricted property inherited from their Indian ancestors, of the title of such property, without due process of law.

This identical question was before this court and decided adversely to the contention of plaintiffs in Billy et al. v. Burnett, 137 Okla. 175, 278 Pac. 635, wherein it was held:

"In an action commenced since the passage of the Act of Congress of April 12, 1926, chap. 115, 44 U. S. Stat. at L. 239, amending Act Cong. May 27, 1908, sec. 9, and by reason of such act, no error is shown in the ruling and action of the trial court in sustaining a demurrer to plaintiff's petition wherein the plaintiffs attack the validity of certain conveyances, executed by full-blood Choctaw Indian heirs of their inherited lands, and allege such conveyances to be of no force and effect upon the sole ground that such conveyances were not approved by the county court having jurisdiction of the settlement of the estate of the deceased allottee, but approved by the county court of another county in the state."

We deem it unnecessary to again review the authorities cited therein, and think it sufficient to say that we have carefully re-examined the question and the authorities therein cited and the briefs in the instant case, and adhere to the conclusions reached in that case.

The further question is presented as to the binding force of the judgment rendered in the district court of Grady county on June 9, 1913, wherein it was adjudged and decreed that Susan Ishtiker had no interest in or title to the land involved herein.

The decision of this question depends upon whether the judgment and decree was void, as being beyond the jurisdiction of the court, or an erroneous judgment, which became

binding upon the parties by their failure to appeal.

It is earnestly contended by plaintiffs that the decree was void and beyond the jurisdiction of the court.

At the time the judgment was rendered, the question whether or not Susan Louis was entitled to dower in the lands of her deceased husband had not been settled. Chapter 49, Mansfield's Digest of the Statutes of Arkansas, had been put in force by Act of Congress, by which the land was made to descend and be distributed in parcenary to the next of kin, subject to the payment of debts and the widow's dower. Chapter 49, Mansfield's Digest, made no provision for dower, but chapter 53, which did make provision for dower, had also been adopted and put in force where not locally inapplicable or in conflict with the act extending same, or of any law of Congress relating to the subject mentioned. The Supreme Court of Arkansas had in a number of cases held that, in order for dower to attach, the husband must have been seized in fee of the lands at the time of his death. Blakeney v. Ferguson, 20 Ark. 547; Drennen's Admr. v. Walker, 21 Ark. 539; Tate v. Jay, 31 Ark. 576; Kirby v. Vantrece, 26 Ark. 368; Cockrill v. Armstrong, 31 Ark. 580.

Not until July 13, 1915, when Cook et al. v. Childs et al., 49 Okla. 321, 152 Pac. 88, was decided in the Supreme Court, was the question determined in this state, and it was there for the first time held that dower would attach in lands allotted as were these.

In order to determine this question, it was necessary that an action be commenced in a court having jurisdiction of the subject-matter and of the parties. This was done. The action was brought in the district court of Garvin county, resulting in a decree there denying dower. Had the claimant failed to appeal and allowed the decree to become final, as did Susan Ishtiker in the proceedings instituted by her in the district court of Grady county, she would have been bound thereby. But she appealed, resulting in a final decision of the question in her favor. The district court of Grady county had the same jurisdiction and power in the proceedings instituted by Susan Ishtiker that the district court of Garvin county had in the proceedings instituted by Ellen Cook. In 34 C. J. 768, the following general rule is stated:

"So long as a judgment remains unappealed from and in full force, it does not detract from the effect as a bar to further

suits upon the same cause of action that it may be erroneous, so as to be reversible on appeal or error, or so irregular that it would be vacated on a proper application for that purpose."

The text is supported by decisions cited from the United States Supreme Court and some 37 states, including Oklahoma.

In Gray v. Gray, 57 Okla. 667, 157 Pac. 730, it was held:

"The court having jurisdiction of the parties and the subject-matter, and the judgment being within the allegations of the petition, the same is not void on its face, and, not having been appealed from, nor any motion made to vacate the same within the statutory time, has become final and conclusive as to the rights of all parties."

In Long v. Early, 55 Okla. 647, 155 Pac. 538, it was held:

"A judgment rendered by a court having jurisdiction of the subject-matter and the parties, on the merits, is a bar to any future suit between the same parties, or their privies, upon the same cause of action, in the same or another court, so long as it remains unreversed and not in any way vacated or annulled."

In National Surety Co. v. S. H. Hanson, Builder's Supply Co., 64 Okla. 59, 165 Pac. 1136, it was held:

"A judgment is no less conclusive because it is based upon a mistake of law."

See, also, Dennis, State Bank Com'r, v. Kelley, 81 Okla. 155, 197 Pac. 442, where it was held:

"A judgment not appealed from is no less conclusive because it is based upon mistake of law."

The proceedings commenced by Susan Ishtiker by her plea in intervention in the former suit, and by which she sought to establish her interest in the premises, were of an entirely different nature from those involved wherein grantees of restricted Indian lands sought to quiet title to such lands based upon a deed executed by the restricted Indian which Congress had expressly declared to be "absolutely null and void." In such cases, it has been held that any judgment purporting to establish the validity of such deeds is coram non judice and void. Southwestern Surety Ins. Co. v. Farriss, 118 Okla. 188, 247 Pac. 392. An examination of that case and others of a similar nature will disclose that they are based upon the positive declaration of Congress that conveyances of restricted Indian lands, in violation of the Act of Congress, are absolutely null and void. No such question is here involved, and we do not consider that or similar cases controlling in or applicable in the instant case.

From the foregoing authorities, we conclude that the judgment and decree rendered by the district court of Grady county on June 9, 1913, denying Susan Ishtiker's right to dower in the lands which she allowed to become final by failing to appeal therefrom, is binding upon her and a bar to her right to again litigate the question of dower.

The judgment should be in all things affirmed.

BENNETT, FOSTER, JEFFREY, LEACH, and HALL, Commissioners, concur.

By the Court: It is so ordered.