CHARLES H. JOYCE *vs.* SAGE BROTHERS COMPANY.

Suffolk. March 8, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Conversion.*

In an action for the alleged conversion of a certain machine, it appeared that the plaintiff delivered the machine to the defendant under an agreement in writing signed by the defendant, whereby the defendant acknowledged that he had received the machine from the plaintiff " on sale," that when the machine was sold and was paid for by the purchaser the plaintiff was to have $200 net, and the defendant guaranteed that amount or the return of the machine, it being provided that any damage to the machine from fire or other causes should be at the risk of the plaintiff, that the defendant, without the knowledge or consent of the plaintiff, overhauled and repaired the machine, replacing worn parts with new, and paid for the repairs the sum of $75, that the defendant thereupon delivered the machine to a third person under a contract of conditional sale, giving the conditional purchaser the right to keep the machine for thirty days on trial, and stipulating that the title should be in the defendant until the machine was fully paid for by the purchaser, the defendant taking notes from the purchaser payable to the defendant. *Held*, that the acts of the defendant constituted a conversion of the machine as matter of law, and that a verdict should be ordered for the plaintiff.

KNOWLTON, C. J. This is an action for the conversion of a second hand steam power carbonator. Under the evidence most

favorable to the defendant corporation, it appeared that the plaintiff, in the spring of 1904, left the carbonator with the defendant under an agreement which was expressed in a writing as follows :

" Boston, May 6, 1904.

" This is to certify that we, the undersigned, have received of C. H. Joyce of Lowell, Mass. one New Era steam power carbonator on sale which when sold and paid for by purchaser the said Joyce to have two hundred dollars net, the undersigned to guarantee said amount or return of said machine. Any damage to said machine from fire or other causes is at the risk of said Joyce.

" Sage Bros. Co.<br>U. V. Sage."

In July, 1905, the defendant made a written contract with the firm of Burns Brothers, for a conditional sale or lease of a certain electric carbonator, to be paid for in instalments, the title to remain in the defendant until full payment was made. The carbonator was sent on trial for thirty days. As it did not prove satisfactory to Burns Brothers, the defendant, about September 15 of that year, took it back and replaced it with the plaintiff's carbonator, which was taken by Burns Brothers under the same contract as the first. As a part of the transaction Burns Brothers gave a number of non-negotiable instalment notes, payable to the defendant. The plaintiff was not a party to the contract and was unknown to Burns Brothers. Before delivering the plaintiff's carbonator to Burns Brothers, the defendant thoroughly overhauled and repaired it at its own expense, replacing worn parts with new, all without the knowledge of the plaintiff, and at a cost of $75. The plaintiff, having ascertained what had been done, brought this action in April, 1906. Upon these facts the judge * ruled that the defendant was guilty of a conversion of the property, and the defendant took an exception to this ruling.

Under the agreement in writing, the only authority that the defendant had over the plaintiff's carbonator was to sell it for him and to receive payment for it, giving him the proceeds up to

---

* <em>Hardy,</em> J.

$200, and keeping the balance for itself; the defendant, at the same time, guaranteeing that he should receive this sum or that the machine should be returned to him.    The question is whether the defendant intermeddled with the property beyond the limits of the authority conferred, in such a way as was equivalent to exercising the dominion of an owner over it, adversely to the right of dominion and control of the true owner.    In the first place, the defendant materially changed it at considerable expense.    Then it transferred it to Burns Brothers under a contract giving a lease or conditional sale of it, with a right to keep it thirty days on trial, and a stipulation that the title to it should be in the defendant until it was fully paid for.    Notes were taken, payable to the defendant.    In these particulars what it did was inconsistent with a continued recognition of the title of the plaintiff, and was an exercise by it of the dominion of an owner.    In the broadest and fullest sense of the words, the defendant converted it to its own use.    In every essential particular its conduct and its contract with Burns Brothers were in excess of its authority under the writing.    It was virtually an appropriation of the plaintiff's property.    It was not only an assertion of title to the property, but it included a retention of the title in itself as security.    We are of opinion that the ruling was right.

*Exceptions overruled.*

*O. Storer,* for the defendant.

*J. S. Sullivan,* (*H. A. Wagner* with him,) for the plaintiff.