**NATIONAL SURETY CO. et al. v. S. H. HANSON BUILDERS' SUPPLY CO. et al.**

No. 6876—Opinion Filed May 15, 1917.

Concurring Opinion, May 29, 1917. Rehearing Denied June 12, 1917.

(165 Pac. 1136.)

(Syllabus by the Court.)

**1. Courts—"Jurisdiction"—Definition.**

"Jurisdiction" is the power to hear and determine the subject-matter in controversy between the parties to an action or in a statutory proceeding; to adjudicate or exercise any judicial power over them.

**2. Judgment — Vacation — Power of Trial Court.**

Where the trial court, having jurisdiction both of the parties and the subject-matter, regularly renders a judgment, it is without power, after the expiration of the term, to set such judgment aside because of an error made in its rendition.

**3. Judgment — Conclusiveness—Mistake of Law.**

A judgment is no less conclusive because it is based upon a mistake of law.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Motions by the National Surety Company, W. A. Jones, and Will Dye to set aside a judgment rendered in a consolidated case entitled "S. H. Hanson Builders' Supply Company and Others v. School District No. 70, Oklahoma County, and Others." Motions denied, and movants bring error. Affirmed.

William F. Robertson, Carlisle & Edwards, Charles West, and H. H. Hagan, for plaintiffs in error.

Stuart & Cruce, John H. Halley, Keaton, Wells & Johnston, John A. Maupin, and Everest & Campbell, for defendants in error.

SHARP, C. J.     October 11, 1911, in consolidated case, S. H. Hanson Builders' Supply Co. et al. v. School District No. 70, Oklahoma County, et al., personal judgment was rendered against W. A. Jones, contractor, one of the defendants in said action, in favor of the plaintiff company, and also in favor of other creditors of said company, who were parties to said action. The judgment declared a lien upon the school building of the district, and directed and commanded that the officers of the school district levy a tax in the manner provided by law for the payment of the sums found due by the contractor. The amount of the several judgments against Jones, and for which the liens were decreed, approximated $3,569.01. On the 23d day of July, 1912, the school district commenced its action against the National Surety Company on the contractor's bond given October 8, 1909. On December 5, 1912, the National Surety Company filed in the consolidated case, in which judgment had previously been rendered on October 11, 1911, its motion wherein it asked that the judgment of the latter date, in so far as it was adjudged and decreed by the court that the creditors of Jones had valid and subsisting liens upon the property of the school district to secure the payment of their respective judgments, and that a tax be levied upon the property subject to taxation within the district for the purpose of discharging said judgments, be canceled, annulled, and held for naught, on the ground that the judgment, in respects indicated, was against public policy, illegal, and void. On December 20, 1912, W. A. Jones, the defendant against whom personal judgments were rendered in said consolidated case, also filed in said case his motion to vacate and set aside the judgment, in so far as the same attempted to fix a lien upon the property of the school district, and to enjoin upon the officers thereof the levy of a tax in payment of the same. On January 17, 1913, Will Dye, a resident taxpayer of said district, filed in said action his motion to vacate and set aside that portion of the judgment already indicated in the motions of the other movants. From the judgment denying these motions, the movants therein seek a reversal by proceedings in error instituted in this court.

The only point relied upon at this time is that, as a mechanic's or materialman's lien cannot attach upon the public buildings of the state, or the subdivisions thereof, since such liens are contrary to public policy, the judgment declaring such lien is a mere nullity, and under section 7274, Rev. Laws 1910, may be set aside at any time on motion of a party or any person affected thereby. Assuming that all of the parties have such interest, or are so affected as to entitle them to prosecute the proceedings in the manner employed, the case presents the single issue of whether in fact the original judgment was void, or simply erroneous. No appeal was taken from the judgment in which the liens were adjudged, and which was subsequently attempted to be set aside by the surety company, Jones, and Dye. No claim is made that the court did not have jurisdiction of the parties or of the subject-

matter, but it is said, as we understand, that the court did not have power to render the judgment that it did, whereby a public building was charged with a lien and an order made directing that a tax be levied in satisfaction thereof. This position is obviously erroneous, as it in effect concedes that, had the court rendered judgment denying the lien, it would be valid; in other words, that the power of a court of general jurisdiction to render a judgment in a class of actions, in which it has jurisdiction both of the parties and subject-matter, is dependent upon the character of relief granted, or in whose favor the judgment is entered. We know of no authorities sustaining this view of the law. The fact that the trial court, in view of the subsequent decision of this court in Hutchinson v. Krueger, 34 Okla. 23, 124 Pac. 591, 41 L. R. A. (N. S.) 315, Ann. Cas. 1914C, 98, erroneously rendered a judgment decreeing a lien upon the school building of the school district, does not make the judgment void. This, in principle, we decided in Parmenter v. Ray, County Judge, 58 Okla. 27, 158 Pac. 1183, where it was held that errors of law in making an order should not be confounded with the power of the court to make the order; that the latter only involved the jurisdiction—the former the exercise of jurisdiction. There we further said, quoting from Rhode Island v. Massachusetts, 12 Pet. 718, 9 L. Ed. 1233:

"Jurisdiction is the power to hear and determine the subject-matter in controversy between parties to the suit, to adjudicate or exercise any judicial power over them. The question is whether on the case before the court their action is judicial or extrajudicial; with or without authority of law to render judgment or decree upon the rights of the litigant parties. If the law confers the power to render judgment or decree, then the court has jurisdiction."

Also that the jurisdiction of the court can never depend upon its decision upon the merits of the case brought before it, but upon its right to hear and decide it at all. At the time that the court rendered the judgment complained of, this court had never passed upon the question of the right to enforce a materialman's lien upon a public building. The Supreme Court of Kansas, from which state our lien laws in the main were taken, had sustained the right to impose such liens, as is shown by Judge Brewer in his able opinion in Hutchinson v. Krueger, supra. The question for decision under the issues joined in the consolidated case was whether this court would follow the decisions of the Supreme Court of Kansas, or the rule that very generally prevailed in other jurisdictions, denying the right of material-

men to a lien on a public building. This was all. In the view adopted by this court in Hutchinson v. Krueger, had an appeal been prosecuted from the judgment of the district court to the Supreme Court, the judgment afterwards complained of would doubtless have been set aside, and the cause reversed. This was not done, and it will not do to say that, for the reasons urged, either a defendant in said suit, or a taxpayer of the district, or the surety on the contractor's bond, may, long after adjournment of the term, by motion procure either the vacation or modification of the judgment. The law points out the manner by which errors of law may be corrected. A wrong determination of the issues based upon a mistake of law, after final judgment has been rendered, can only be remedied and corrected on appeal; otherwise, there would be no end to litigation.

A mistake of law on the part of the trial court affords no ground for the vacation of a judgment in the manner here attempted. The authorities sustaining this view are numerous, and, so far as we know, unanimous. Among them are People ex rel. Davis et al. v. Sturtevant, 9 N. Y. 263, 59 Am. Dec. 536; Fisher v. Hepburn, 48 N. Y. 41; Martindale v. Battey, 73 Kan. 92, 84 Pac. 527; People v. Holladay, 93 Cal. 241, 29 Pac. 54, 27 Am. St. Rep. 186; People ex rel. Raymond v. Talmadge, 194 Ill. 67, 61 N. E. 1049; Elliott et al. v. Piersol, 1 Pet. 328, 7 L. Ed. 164; Ex parte Watkins, 7 Pet. 568, 8 L. Ed. 786; Wilcox v. Jackson, 13 Pet. 498, 10 L. Ed. 264; Ex parte Bigelow, 113 U. S. 328, 5 Sup. Ct. 542, 28 L. Ed. 1005; American Express Co. v. Mullins, 212 U. S. 311, 29 Sup. Ct. 381, 53 L. Ed. 525, 15 Ann. Cas. 536. As stated in the latter case:

"A judgment is conclusive as to all the media concludenti (U. S. v. California, etc., Land Co., 192 U. S. 355 [24 Sup. Ct. 266] 48 L. Ed. 476); and it needs no authority to show that it cannot be impeached, either in or out of the state, by showing that it was based upon a mistake of the law."

The rights of the creditors in whose favor liens were adjudged to enforce them, not being involved in the present injury, are not decided.

The judgment of the trial court is affirmed.

HARDY, TURNER, THACKER, and KANE, JJ., concur.

THACKER, J. In concurring in the decision and opinion of the court in this case, where the erroneous judicial decision in question did not necessarily involve nor appear to involve any element of an attempted exercise of executive or legislative power, but

was wholly within the domain of judicial power, I do not think I am out of accord with the decision or with any statements made in the opinion in the case of Roth v. Union National Bank of Bartlesville, 58 Okla. 604, 160 Pac. 505, where the erroneous decision in question necessarily involved an attempted exercise of the legislative power to suspend or nullify the operation of unquestionably valid statutes, and thus included basic elements beyond the domain of judicial power, since the statutes in question were unambiguous and not open to construction in respect to the questions involved in that decision.