## GLACKEN v. ANDREW.

No. 8067—Opinion Filed Jan. 8, 1918.

(169 Pac. 1096.)

1. Pleading — Judgment on Pleadings — Reply.

Although a reply, to an answer which sets up a judgment in bar, contains a general denial of the matters set up in the answer, where the reply undertakes to allege facts which are intended to avoid the effect of the judgment as to that particular claim, it is in effect an admission of the fact of the existence of the judgment coupled with the defense that the judgment is inoperative against the plaintiff's claim, and where the affirmative facts set up **are**

insufficient in law to defeat the defense of res adjudicata, it was not error to order judgment on the pleadings, notwithstanding the general denial.

**2. Intoxicating Liquors — Seizure of Money —Jurisdiction of the Subject-Matter— "Appurtenance."**

The county courts have jurisdiction to hear and determine controversies concerning property seized by an officer under section 3617, R. L. 1910.

(Syllabus by Pope, C.)

Error from County Court, Payne County; W. R. Jones, Judge.

Action by Chris Glacken against R. N. Andrew. Judgment for defendant on the pleadings, and plaintiff brings error. Affirmed.

Weldon & Mitchell, for plaintiff in error.

C. C. Suman, for defendant in error.

Opinion by Pope, C. This action is for the recovery of the value of certain personal property, money, and checks which were taken and carried away by the defendant, R. N. Andrew, on June 20, 1914. The defendant admits the taking, but says that as deputy sheriff without warrant, he seized the property in question together with other articles of personal property and large quantities of liquor and beer. His plea justified the taking on the ground that as deputy sheriff of Payne county, he lawfully seized the property in question, same being at the time used in violating the laws of Oklahoma, and made return of the seized property to the county court of Payne county.

Condemnation proceedings were instituted in said court against the property seized. Plaintiff filed his interplea in said proceeding. There was a decree condemning. the property as forfeited to the state, and the defendant contends that this decree is a complete justification for the taking. Plaintiff replying denies generally all the allegations of new matter, admits that the proceedings were had. and judgment rendered by the county court as alleged, but says. that the same is void and insufficient to justify the taking of said property. Judgment was rendered for the defendant on the pleadings.

The record does not disclose whether or not there was a warrant issued on the officer's return and for the purpose of this case it is immaterial. It appears that the officer in seizing the property in question was acting under and by virtue of section 3617, Rev. Laws 1910, which is as follows:

"3617. Officer May Arrest Without Warrant—May Seize Liquors. When a violation of any provision of this chapter shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances, thereunto belonging so unlawfully used, and to take the same immediately before the court or judge having jurisdiction in the premises, and there make complaint, under oath, charging the offense so committed, and he shall also make return, setting forth a particular description of the liquor and property seized, and of the place where the same was so seized, whereupon the court or judge shall issue a warrant commanding and directing the officer to hold the property so seized in his possession until discharged by due process of law, and such property shall be held and a hearing and adjudication on said return had in like manner as if the seizure had been made under a warrant therefor."

The plaintiff in error's first contention is that the defendant in error was not entitled to judgment on the pleadings for the reason that his reply to plaintiff's answer, although admitting the existence of the judgment pleaded as a bar, denied generally all of the allegations of new matter set up in the answer, and that the same raised an issue of fact which would entitle him to a trial upon the issues joined. This contention cannot be upheld under the pleadings in this case. Plaintiff having admitted in his reply the judgment pleaded as a bar to his recovery and seeking to avoid it, and the judgment being sufficient to justify the taking of the property by the defendant in error, it follows that no fact put in issue by the general denial is material, or would affect the result if tried out. Chambers v. Kirk et al., 41 Okla. 696, 139 Pac. 986.

Plaintiff in error's second contention is that the county court which rendered the judgment in the condemnation proceeding had no jurisdiction of the subject-matter of the action for the reason that the property proceeded against was money, and that money is not an appurtenance under the section of the statute above quoted, and the court therefore had no power to render a judgment condemning this property. This is manifestly without merit. The court had jurisdiction of the persons of the parties to the action and the cause was the kind of a cause which could be tried in the county court. Jurisdiction of the subject-matter is the power to deal with the general subject involved in the action, and is conferred upon the court by law.

Rev. Laws 1910, §§ 3612, 3613, 3617, confer on the county courts of this state power and authority to hear and determine this class of cases; therefore had the power and authority to render a valid judgment in said cause. The judgmen' may have been erroneous, but, if so, the pla'ntiff in error had the right to have the same reviewed and corrected by appeal to this cour*; but inasmuch as he did not see fit to exercise this right, the judgment became final and binding, and is sufficient to bar his recovery in this action. National Sure'y Co. v. Hanson Builders' Supply Co., 64 Okla. 59, 165 Pac. 1136.

Judgment of the lower court is affirmed.

By the Court: It is so ordered.