## COX et al. v. STATE.

No. 9027—Opinion Filed June 4, 1918.

(173 Pac. 445.)

**Intoxicating Liquors—Seizure and Forfeiture—Statute—"Appurtenance."**

An automobile used January 3, 1917, in the unlawful conveyance of intoxicating liquor in the presence of an officer having power to serve criminal process, was not subject to seizure by such official and forfeiture to the state under the provision of section 3617, Rev. Laws 1910, and is not an "appurtenance" within the meaning of that section, which provided: "When a violation of any provision of this chapter (chapter 39, Intoxicating Liquors) shall occur in the presence of any sheriff, constable, marshal or other officer having powed to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used."

(Syllabus by Hooker, C.)

Error from County Court, Cotton County: J. C. Norman, Judge.

Application by the State of Oklahoma to forfeit an automobile used without owner's knowledge or consent in transporting intoxicating liquors in violation of law, with interplea by Mrs. Elvert J. Cox and the First National Bank. Interplea of First National Bank denied, and it brings error. Reversed and cause remanded, with directions to dismiss the proceedings.

See, also, 61 Okla. 182, 160 Pac. 895.

Sigler & Howard, for plaintiff in error.

E. L. Richardson, for defendant in error County Attorney.

Opinion by HOOKER, C. An application was made in the county court of Cotton county to forfeit an automobile, which was, on the 10th day of April, 1916, being used by parties other than the owner, without the knowledge or consent of the owner, in the transportation of intoxicating liquors within the state of Oklahoma, and within Cotton county, in violation of law. Thereafter, on the 26th day of April, 1916, Mrs. Cox filed an interplea in said action, in which she alleged and established by evidence that she was the owner of the automobile sought to be confiscated, and that the car was taken without her knowledge or consent, and was being used at the time without her knowledge or consent, in violation of law. And thereafter, on the 15th day of May, 1916, the First National Bank filed an interplea in said action, alleging that it

held a first mortgage upon said automobile, and that the same was being used without its knowledge or consent, in violation of law of the state of Oklahoma, and it sought to recover the possession of said automobile, which was denied to it by the lower court, and it has appealed here.

The decision of this court, One Cadillac Automobile & State Exchange Bank of Oklahoma v. State, 68 Okla. 116, 172 Pac. 62, is as follows:

"An automobile used January 3, 1917, in the unlawful conveyance of intoxicating liquor in the presence of an officer having power to serve criminal process, was not subject to seizure by such official and forfeiture to the state under the provisions of section 3617, of Rev. Laws 1910, and is not an 'appurtenance,' within the meaning of that section, which provided: 'When a violation of any provision of this chapter (chapter 39, Intoxicating Liquors) shall occur in the presence of any sheriff, constable, marshal, or other officers having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels and appurtenances thereunto belonging so unlawfully used.' "

This doctrine has been followed by this court several times since the rendition of the opinion above cited, and is adhered to here.

The judgment of the lower court is therefore reversed, and this cause remanded, with directions to the trial court to dismiss the proceeding.

By the Court: It is so ordered.