### SHARPE et al. v. STATE.

No. 8379—Opinion Filed May 13, 1919.

(181 Pac. 293.)

(Syllabus.)

**Intoxicating Liquors—Seizure and Forfeiture —Statute—"Appurtenance."**

An automobile seized July 21, 1915, in the unlawful conveyance of intoxicating liquor, in the presence of an officer having power to serve criminal process, was not subject to seizure by such official and forfeiture to the state, under the provision of section 3617, Rev. Laws 1910, and is not an "appurtenance" within the meaning of that section (following One Cadillac Automobile v. State, 68 Okla. 116, 172 Pac. 62.)

Appeal from County Court, Ottawa County; Vern E. Thompson, Judge.

Proceeding by the State of Oklahoma to forfeit one Buick automobile and 96 one-half pints of whisky, with intervention and claim by Nelle Sharpe and Floyd Gaither and by the Hood Implement Company. From a judgment forfeiting the automobile to State and from the overruling of a motion for a new trial, Nelle Sharpe and Floyd Gaither bring error. Reversed and remanded, with direction to restore the automobile to the interveners.

Nesbitt & Axley, for appellants.

S. P. Freeling, Atty. Gen., for the State.

McNEILL, J. On the 21st day of July, 1915, E. C. Branson, constable of Ottawa county, arrested Nelle Sharpe and Floyd Gaither without a warrant in Ottawa county for unlawfully conveying intoxicating liquors, and seized the liquors and the automobile in which the same was being conveyed. He made a return to the county court, setting for the description of the liquor and the automobile, whereupon said court issued a warrant commanding him to hold said property and set the hearing on the same for the 5th day of August, 1915.

The said Nelle Sharpe and Floyd Gaither filed a plea of intervention claiming to be the owner of said automobile. The Hood Implement Company filed a plea of intervention claiming possession of said automobile by reason of a chattel mortgage thereon. The case was tried upon an agreed statement of facts. The court rendered judgment forfeiting said automobile to the state. The motion for a new trial was overruled, and the case is brought here for reversal.

This case is controlled by former decisions of this court in the case of One Cadillac Automobile v. State, 68 Okla. 116, 172 Pac. 62, wherein the court stated:

"An automobile used January 3, 1917, in the unlawful conveyance of intoxicating liquor in the presence of an officer having power to serve criminal process was not subject to seizure by such official and forfeiture to the state under the provisions of section 3617, Rev. Laws 1910, and is not an 'appurtenance,' within the meaning of that section, which provided: 'When a violation of any provision of this chapter [chapter 39, Intoxicating Liquors] shall occur in the presence of any sheriff, constable, marshal, or other officers having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used'."

This doctrine has been followed by this court in the case of State v. One Ford Automobile, 73 Oklahoma, 174 Pac. 489; Cox et al. v. State, 70 Okla. 131, 173 Pac. 445; One Hudson Super-Six Automobile v. State, 70 Okla. 40, 173 Pac. 1137.

The seizure in this instance having been made prior to the taking effect of the act approved March 24, 1917, it is held by the former opinions of this court that there is no authority under section 3617, Revised Laws 1910, to justify the seizure and confiscation of an automobile, although it had been used in an unlawful conveyance of intoxicating liquor.

It is therefore ordered that the case be reversed and remanded with instructions to restore the automobile to the interveners.

SHARP, PITCHFORD, HARRISON, RAINEY, and JOHNSON, JJ., concur.