**MOZLEY v. COLEMAN, Sheriff.**

No. 10705—Opinion Filed Jan. 16, 1923.

(Syllabus.)

1. **Intoxicating Liquors—Transportation—Confiscation of Automobiles.**

An automobile used prior to the enactment of chapter 188, Session Laws of 1917, p. 352.

for the unlawful transportation of intoxicating liquors, is not subject to seizure and confiscation therefor. One Hudson Super-Six Automobile v. State, 77 Okla. 130, 173 Pac. 1137.

**2. Same—Jurisdiction—Void Judgment.**

The judgment of the county court forfeiting to the state of Oklahoma an automobile alleged to have been used in violation of the prohibitory laws of the state prior to the enactment of chapter 188, Session Laws of 1917, is void,, the court being without jurisdiction to enter such judgment.

**3. Constitutional Law — Property Rights—Divestment.**

The owner of property cannot be divested of it except by his consent or in the manner provided by law.

**4. Conversion—Right to Action.**

The unauthoried sale of one's property, which deprives him of it, or any distinct act of dominion wrongfully exerted over such property inconsistent with the owner's rights therein constitutes actionable conversion.

McNeill, J., dissenting.

Error from District Court, Cotton County; Cham Jones, Judge.

Action by Elizabeth Mozley, against S. C. Coleman, Sheriff of Cotton County, to recover the value of an automobile. Judgment for the defendant, and plaintiff brings error. Cause reversed and remanded, with directions.

Charles C. Black, for plaintiff in error.

W. C. Stevens and E. L. Richardson, for defendant in error.

KENNAMER, J. Elizabeth Mozley prosecutes this appeal to reverse a judgment of the district court of Cotton county rendered against her in favor of S. C. Coleman, sheriff of Cotton county. The cause was tried to the court upon the following agreed statement of facts:

"It is hereby stipulated and agreed by and between the parties hereto, that the following statement comprises the facts concerning and governing the above-entitled action, and that the same shall be so considered by the court in determining the rights of the parties under the law as applicable to such facts. Subject to objection only as being incompetent, irrelevant, or immaterial.

"That on March 23, 1917, the plaintiff, Elizabeth Mozley, was the owner of one certain 6-40 automobile, 1917 model, of the value of six hundred twenty-five dollars, mentioned in plaintiff's petition and hereinafter referred to as said car.

"That on said day, said car was in the county of Cotton, state of Oklahoma, in plaintiff's possession, being driven by plaintiff's husband, Floyd Mozley.

"That on said day defendant, said S. C. Coleman, as sheriff of Cotton county, seized the automobile mentioned in said petition, without warrant, while it was being used in his presence for the purpose of conveying 75 gallons of whiskey from one place in said county to another place therein, in violation of the prohibitory laws of the state of Oklahoma; that the defendant, Coleman, immediately made his return of the said property to the county court of said county, which court immediately made an order requiring the said sheriff to hold the said property until further order of said court, and which court thereafter, on April 18, 1917, rendered judgment in the proceeding instituted by the filing of said return, wherein said automobile was adjudicated to be forfeited and confiscated to the state of Oklahoma, and ordered turned over by the said defendant to the county commissioners of said county to be disposed of according to law; that on April 5, 1917, Lloyd Weaver filed his plea of intervention in the proceedings above mentioned, demanding possession of the said car, by virtue of a mortgage held by him on said car for the sum of three hundred and fifty dollars; that before the said judgment was rendered, the said intervener, through his attorneys and the county attorney of said county, submitted the issues joined by the intervener to the court on an agreed statement of facts, which were disposed of by the said judgment of the court of April 18, 1917; that no appeal was taken from said judgment as allowed by law, whereupon the said defendant, acting under and by virtue of said judgment, turned the said automobile over to the said commissioners, who thereafter sold the same on the 6th day of August, 1917, at public sale, for the sum of $625; that plaintiff, after the seizure and return of sheriff and prior to the judgment of forfeiture, was informed of the seizure and cause thereof and the nature of the proceedings.

"That plaintiff did not consent to the seizure nor the sale of said car, but did not file any plea of intervention, nor did she bid in the car at the sale, nor did any one bid it in for her or in her behalf. When plaintiff was informed by the county judge of the said seizure, the cause thereof, and her remedy prescribed by law, she stated that they were not going to intervene, but were going to leave that matter to the mortgagee who would protect their interest; that by reason of such taking and sale the car has become lost to the plaintiff.

"It is further agreed and stipulated between the parties that the action shall be and hereby is submitted to the court upon the pleadings filed herein and this agreed statement of facts.

"Dated this 6th day of January.

"Charles C. Black,

"Attorney for Plaintiff.

"E. L. Richardson,

"Attorney for Defendant."

Upon an examination of the record in this case, we are clearly of the opinion that the judgment of the trial court must be reversed.

This court, in the case of One Cadillac Automobile v. State, 68 Okla. 116, 172 Pac. 62, held that under section 3617, Rev. Laws of 1910, an automobile used in the unlawful conveyance of intoxicating liquors was not subject to seizure and forfeiture to the state.

In the case of One Hudson Super-Six Automobile v. State, 70 Oklahoma, 173 Pac. 1137, in the second paragraph of the syllabus, this court held:

"An automobile used prior to the enactment of chapter 188, Session Laws of 1917, p. 352, for the unlawful transportation of intoxicating liquors, is not subject to seizure and confiscation therefore."

In the case of State v. One Ford Automobile, 73 Oklahoma, 174 Pac. 489, the claimant filed a motion to dismiss the forfeiture proceedings instituted in the county court upon the ground that the court was without jurisdiction to enter a judgment forfeiting an automobile. The trial court sustained the motion, and the state appealed the cause to this court. This court affirmed the judgment of the trial court, and held that the judgment of the trial court was correct.

In the case of the State National Bank of Ardmore v. State, 70 Oklahoma, 172 Pac. 1073, this court held:

"Prior to the enactment of chapter 188 of the 1917 Session Laws of the state of Oklahoma, there was no legal authority for the seizure and confiscation of an automobile used for the unlawful transportation of intoxicating liquors."

The rule announced in these cases was approved in the case of Sharp et al. v. State, 72 Oklahoma, 181 Pac. 293, in an opinion by Mr. Justice McNeill, as follows:

"The seizure in this instance having been made prior to the taking effect of the act approved March 24, 1917, it is held by the former opinions of this court that there is no authority under section 3617, Rev. Laws 1910, to justify the seizure and confiscation of an automobile, although it had been used in an unlawful conveyance of intoxicating liquor."

In the case of Hess et al. v. State, 84 Okla. 73, 202 Pac. 310, this court held that the forfeiture of property alleged to have been used in violation of the prohibitory laws of the state is a statutory proceeding, and a court cannot acquire jurisdiction of property sought to be forfeited except in the manner prescribed by the statute.

In the case of Roth v. Union Nat. Bank of Bartlesville et al., 58 Okla. 604, 160 Pac. 505, this court approved the rule announced by 1 Bailey on Jurisdiction, as follows:

"A court must proceed and determine within the limits of the power conferred. If it renders a judgment in an action or proceeding, where jurisdiction has attached, that it was not authorized or empowered to render at all, such judgment or decree is in excess of its jurisdiction, and for that reason a nullity."

It is obvious, under these decisions, that the attempted forfeiture of the car in question was without statutory authority, and the court, acting without statutory authority in the premises, was without jurisdiction to enter a judgment of forfeiture, and the judgment of forfeiture, therefore, was a nullity. The defendant sheriff, acting without authority of law in seizing and taking possession of the car and proceeding to have the same converted to the use of the county, thereby unlawfully and wrongfully depriving the owner of the property, is guilty of conversion and civilly liable for the value of the car.

This court, in the case of Bilby v. Jones, 39 Okla. 613, 136 Pac. 414, held:

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein."

Other authorities to the same effect are: Probst v. Bearman, 76 Okla. 771, 183 Pac. 886; McClintock v. Parish, 72 Oklahoma, 180 Pac. 689; Mercantile Co. v. Fitch, 22 Okla. 475, 99 Pac. 1089; National Bank of Commerce v. Jackson, 69 Oklahoma, 170 Pac. 474; Irwin v. Walling, 4 Okla. 128, 44 Pac. 219; Mann v. Ridenhour, 46 Okla. 565-569, 149 Pac. 124; Taylor v. Smith, 44 Okla. 404, 144 Pac. 1028; Velzian v. Lewis (Ore.) 3 Am. St. Rep. 184-188, and notes, 16 Pac. 631; Flanders v. Colby, 28 N. H. 34; Cooley on Torts, 534, 538, 688; Boyce v. Brockway, 31 N. Y., 490; Morrill v. Moulton, 40 Vt. 242; Harker v. Dement (Md.) 52 Am. Dec. 670-680.

Counsel for the defendant in this case concede there was no authority under the law authorizing the seizure and confiscation of the car, but contend, because the plaintiff stated to the sheriff that the mortgagee would intervene in the forfeiture proceed-

ings and claim the car, that the plaintiff is now estopped from maintaining this action. The case of Glacken v. Andrew, 69 Oklahoma, 169 Pac. 1096, is relied on as supporting the contention of counsel for the defendant. We are unable to concur with counsel in their contention, that the plaintiff is estopped from maintaining this action. The facts in the case of Glacken v. Andrews, supra, are distinguishable from the facts in the case at bar, in that the plaintiff in that action had been a party to the forfeiture proceedings, and the court held that the plaintiff, having been a party to the trial, he was bound by the judgment. In the instant case the plaintiff did not intervene in the forfeiture proceedings, and it is unnecessary to a decision in this cause to determine whether she would have been bound by the judgment of forfeiture had she intervened in the action. It is a well-established rule that as an indispensable prerequisite to the validity of a judgment the court must have had jurisdiction of the subject-matter of the action. Winona Oil Co. v. Barnes. 83 Okla. 248, 200 Pac. 981; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681.

This court, in the case of Ex parte Platridge, 68 Okla. 25, 173 Pac. 646, held, a court of competent jurisdiction is one having power and authority of law at the time of acting to do the particular act.

The owner of property cannot be divested of it but by his own consent or by operation of law. Williams v. Merle, 11 Wend. (N. Y.) 80, 25 Am. Dec. 604.

The judgment of a court, to be effective in depriving one of his property, must have jurisdiction. A judgment without jurisdiction is not due process of law. Scott v. McNeill, 154 U. S. 32.

The fact that the county court had jurisdiction to hear and determine the right of the state to forfeit certain kinds of property seized by an officer used in violation of the prohibitory laws of the state, does not sustain the contention that the plaintiff in this action is estopped from asserting her right to recover the value of property seized without authority of law and sold under a judgment void for want of jurisdiction. It is true the county court had jurisdiction to determine the right of the state to forfeit certain kinds of property, but the attempted forfeiture of property not authorized by the statute is without authority of law, and a court acting without jurisdiction is without power to enter a valid decree.

The rule has been repeatedly announced that an unauthorized sale by law, or without the consent of the owner, which deprives a person of personal property, is an actionable conversion. Williams v. Merle. 11 Wend. (N. Y.) 80, 25 Am. Dec. 604; Sanborn v. Coleman, 6 N. H. 14, 23 Am. Dec. 703; Whitlock v. Heard, 13 Ala. 776, 48 Am. Dec. 73; Joyce v. Sage Bros. Co.. 206 Mass. 9, 91 N. E. 996.

The judgment of the trial court is reversed, and the cause is remanded to the district court of Cotton county, with direction to enter judgment in favor of the plaintiff for the value of the car, as shown by the agreed statement of facts.

HARRISON. KANE. NICHOLSON, COCHRAN, and BRANSON, JJ., concur.

McNEILL, J., dissents.

McNEILL, J. (dissenting). I am unable to agree with the majority opinion, and especially the law announced in the second paragraph of the syllabus, wherein the court stated as follows:

"The judgment of the county court forfeiting to the state of Oklahoma an automobile alleged to have been used in violation of the prohibitory laws of the state prior to the enactment of chapter 188, Session Laws 1917, is void, the court being without jurisdiction to enter such judgment."

It is my contention that the judgment of the county court was erroneous and voidable, but not void. I realize that a dissenting opinion can have but little force and effect, but feel it my duty to express my views in this matter, because the opinion, in my judgment, is very drastic and has the force and effect of overruling a principle of law that has been established by a long line of decisions of this court and by the courts of the different states and the United States.

The majority opinion of the court, in my judgment, fails to distinguish the difference between the jurisdiction of the court to render a judgment and an erroneous judgment rendered by a court having jurisdiction based upon a mistake of the law.

This court, in the case of Glacken v. Andrew, 69 Oklahoma, 169 Pac. 1096, stated as follows:

"The county courts have jurisdiction to hear and determine controversies concerning property seized by an officer under section 3617, Rev. Laws 1910, by virtue of sections 3612 and 3613."

The above decision, in plain and unmistakable language, holds the county court, by

virtue of the above sections of the statute, has jurisdiction to decide controversies concerning property seized by an officer under the above sections of the statute. It is not contended in the majority opinion that the above sections of the statute do not clothe the county court with jurisdiction to hear and determine whether property is being used as an instrumentality to violate the prohibitory law when said property is seized as provided in section 3617, Rev. Laws 1910, and the proper return made, and notice given, and to render a judgment forfeiting the same to the state. But the opinion stands upon the broad principle that, prior to the enactment of chapter 188, Session Laws 1917, the county court had jurisdiction to decide that an automobile was not an appurtenance within the meaning of section 3617, Rev. Laws 1910, but had no jurisdiction to decide that it was an appurtenance within the meaning of said section, and a judgment deciding it was an appurtenance is void.

It is a matter of common knowledge that, prior to the enactment of chapter 188, Session Laws 1917, the question of whether an automobile, when used as means to violate the prohibitory laws, was an appurtenance within the meaning of section 3617, Rev. Laws 1910, and subject to forfeiture, was a question that was not free from doubt. Prior to that time many of the courts of the state, as the records in this court disclosed, had decreed and held that an automobile, when used as means for violating the prohibitory laws, was an appurtenance within the meaning of section 3617, Rev. Laws 1910, and was subject to forfeiture. Many of those cases were not appealed. Many of the cases were appealed. The first of the appealed cases to reach this court for decision was the case of One Cadillac Automobile v. State, 68 Okla. 116, 172 Pac. 62. In that opinion this court held that an automobile was not an appurtenance within the meaning of section 3617, Rev. Laws 1910, and held that the judgment of the trial court confiscating the property was erroneous, and in the opinion used the following language:

"It follows in our opinion that, under a liberal construction of the then existing statute according to the fair and reasonable import of its terms, the seizure of the automobile under the circumstances was not authorized, and hence that the judgment confiscating the same was erroneous."

There can be no question, when reading the entire opinion, the language used therein can have but one meaning, to wit: That the judgment of the trial court in holding an au-

tomobile was an appurtenance was erroneous, and subject to be reversed on appeal, but not void.

This court in no opinion has ever decided, or intimated, the county court was not clothed with authority to hear and determine controversies over property seized under section 3617, Rev. Laws 1910. The correctness of the majority opinion depends upon the following principle of law being correct, to wit: Admitting the court had jurisdiction of the subject-matter, and the parties, but misconstrued the statute and rendered an erroneous decision, is the decision void? With this contention I cannot agree.

This court in the majority opinion, according to my views, fails to distinguish between a void judgment and an erroneous or voidable judgment. This exact question was presented to this court in the case of Glacken v. Andrew, supra. In that case the officer making the search seized certain money and checks and made his return to the county court; the county court ordered the money and checks confiscated and forfeited to the state. The plaintiff then commenced an action against the officer for conversion of the money and checks the same as in the instant case, contending the judgment of the county court forfeiting the money was void, for the reason that money was not an appurtenance, within the meaning of section 3617, and was not subject to forfeiture, and therefore the court had no power to render a judgment confiscating the property. This court, after reciting the facts in the case, stated as follows:

"Plaintiff in error's second contention is that the county court which rendered the judgment in the condemnation proceeding had no jurisdiction of the subject-matter of the action for the reason that the property proceeded against was money, and that money is not an appurtenance under the section of the statute above quoted, and the court therefore had no power to render a judgment condemning this property. This is manifestly without merit. The court had jurisdiction of the persons of the parties to the action, and the cause was the kind of a cause which could be tried in the county court. Jurisdiction of the subject-matter is the power to deal with the general subject involved in the action, and is conferred upon the court by law.

"Rev. Laws 1910, secs. 3612, 3613, 3617, confers on the county courts of this state power and authority to hear and determine this class of cases; therefore had the power and authority to render a valid judgment in said cause. The judgment may have been erroneous, but, if so, the plaintiff in error

had the right to have the same reviewed and corrected by appeal to this court; but inasmuch as he did not see fit to exercise this right, the judgment became final and binding, and is sufficient to bar his recovery in this action. National Surety Co. v. Hanson Builders' Supply Co., 64 Okla. 59, 165 Pac. 1136."

The only distinction between the facts in the two cases is that in the case of Glacken v. Andrews the owner of the money intervened, while in the instant case the plaintiff did not intervene; but it is admitted she had notice of the hearing and advised the court she did not care to intervene. The majority opinion is not based upon this proposition, so I will not discuss or treat that question.

The test to be applied in determining whether the court had jurisdiction is whether the court had the right to decide whether an automobile was an appurtenance under the statute within the meaning of the law, not whether the court rendered the right decision. This principle of law is well enunciated in numerous federal decisions. One of the latest decisions is the case of Phebus v. Search, 264 Fed. 407, and on page 411 the rule is stated as follows:

"The test of jurisdiction is the right to decide, not right decision. Judgments of courts, which at the time the judgments were rendered had no jurisdiction to consider or to determine the issues in the respective cases, and whose records at such times disclosed such lack of jurisdiction, are absolutely void, and may be attacked and defeated collaterally. On the other hand, judgments of courts empowered to hear and determine issues relative to the subject-matters and persons to the suits affected by their respective decisions, although such judgments may be illegal and wrong, are simply voidable and are not open to collateral attack. Foltz v. St. Louis & S. F. Ry. Co., 60 Fed. 316, 318, 319, 8 C. C. A. 635, 637, 638; Deming v. McClaughry, 113 Fed. 639, 650, 51 C. C. A. 349, 360; King v. McAndrews, 111 Fed. 860, 863, 50 C. C. A. 29, 32."

This same question was discussed in a clear and able manner in an opinion by Mr. Justice Sharp in the case of National Surety Co. v. Hanson Builders' Supply Co., 64 Okla. 59, 165 Pac. 1136, wherein the court stated as follows:

"No claim is made that the court did not have jurisdiction of the parties or of the subject-matter, but it is said, as we understand, that the court did not have power to render the judgment that it did, whereby a public building was charged with a lien and an order made directing that a tax be levied in satisfaction thereof. This position is obviously erroneous, as it in effect concedes that, had the court rendered judgment denying the lien, it would be valid; in other words, that the power of a court of general jurisdiction to render a judgment in a class of actions, in which it has jurisdicton both of the parties and subject-matter, is dependent upon the character of relief granted, or in whose favor the judgment is entered. We know of no authorities sustaining this view of the law. The fact that the trial court, in view of the subsequent decision of this court in Hutchinson v. Krueger, 34 Okla. 23, 124 Pac. 591, 41 L. R. A. (N. S.) 315, Ann. Cas. 1914C, 98, erroneously rendered a judgment decreeing a lien upon the school building of the school district, does not make the judgment void. This, in principle, we decided in Parmenter v. Ray, County Judge, 58 Okla. 27, 158 Pac. 1183, where it was held that errors of law in making an order should not be confounded with the power of the court to make the order; that the latter only involved the jurisdiction—the former the exercise of jurisdiction. There we further said, quoting from Rhode Island v. Massachusetts, 12 Pet. 718, 9 L. Ed. 1233:

"'Jurisdiction is the power to hear and determine the subject-matter in controversy between parties to the suit, to adjudicate or exercise any judicial power over them. The question is whether on the case before the court their action is judicial or extra-judicial; with or without authority of law to render judgment or decree upon the rights of the litigant parties. If the law confers the power to render judgment or decree, then the court has jurisdiction.'

"Also that the jurisdiction of the court can never depend upon its decision upon the merits of the case brought before it, but upon its right to hear and decide it, at all. * * * A wrong determination of the issues based upon a mistake of law, after final judgment has been rendered, can only be remedied and corrected on appeal; otherwise, there would be no end to litigation.

"A mistake of law on the part of the trial court affords no ground for the vacation of a judgment in the manner here attempted. The authorities sustaining this view are numerous, and, so far as we know, unanimous. Among them are People ex rel. Davis et al. v. Sturtevant 9 N. Y. 263, 59 Am. Dec. 536; Fisher v. Hepburn, 48 N. Y. 41; Martindale v. Battey, 73 Kan. 92, 84 Pac. 527; People v. Holladay 93 Cal. 241, 29 Pac. 54, 27 Am. St. Rep. 186; People ex rel. Raymond v. Talmadge, 194 Ill. 67, 61 N E. 1049; Elliott et al. v. Piersol, 1 Pet. 328, 7 L. Ed. 164; Ex parte Watkins, 7 Pet. 568, 8 L. Ed. 786; Wilcox v. Jackson, 13 Pet. 498, 10 L. Ed. 264; Ex parte Bigelow, 113 U. S. 328, 5 Sup. Ct. 542, 28 L. Ed. 1005; American Express Co. v. Mullins, 212 U. S.

311, 29 Sup. Ct. 381, 53 L. Ed. 525, 15 Ann. Cas. 536. As stated in the latter case.

"'A judgment is conclusive as to all the mediaconcludendi (U. S. v. California, etc., Land Co., 192 U. S. 355 [24 Sup. Ct. 266] 48 L. Ed. 476) ; and it needs no authority to show that it cannot be impeached, either in or out of the state, by showing that it was based upon a mistake of the law.'"

In the case of Parmenter v. Ray, County Judge, 58 Okla. 27, 158 Pac. 1183, this court in the third paragraph of the syllabus stated as follows:

"'Jurisdiction' is the power to hear and determine the subject-matter in controversy between parties to an action or in a statutory proceeding; to adjudicate or exercise any judicial power over them. It does not relate to the rights of the parties, as between each other, but to the power of the court."

The court in that case, in discussing the question of jurisdiction, stated as follows:

"However, for the purposes of this decision, it may be conceded that the court committed error in appointing Conner; but from this it does not necessarily follow that the court acted without or in excess of its jurisdiction. Errors of law in making an order should not be confounded with the power of the court to make the order. The latter only involves jurisdiction; the former, the exercise of jurisdiction."

In that case the court quoted from Ex parte Watkins, 32 U. S. (7 Pet.) 568, 8 L. Ed. 786, wherein it is said:

"The jurisdiction of the court can never depend upon its decision upon the merits of the case brought before it; but upon its right to hear and decide it at all."

This court, in the case of Welch v. Focht, 67 Okla. 275, 171 Pac. 730, in discussing the question of the jurisdiction of the court to render a judgment stated as follows:

"If the law confers the power to render a judgment or decree, then the court has jurisdiction."

And in the body of the opinion, the court used the following language:

"The jurisdiction of the court can never depend upon its decision upon the merits of the case brought before it, but upon its right to hear and determine," Citing the cases heretofore referred to.

This court, in the case of Dennis, State Bank Commissioner, v. Kelley, 81 Okla. 155, 197 Pac. 442, stated:

"A judgment not appealed from is no less conclusive because it is based upon a mistake of law."

The mere fact that the judgment may be erroneous or the court may have decided certain questions of law incorrectly does not render the judgment void, and where no appeal has been taken from the judgment, and no motion made within the statutory time in which to vacate the same, the judgment is binding and conclusive and constitutes a bar on the part of the defendant to have said judgment vacated and set aside. Cases supporting this theory are Gray v. Gray, 57 Okla. 667, 157 Pac. 730; Edwards v. Smith, 42 Okla. 544, 142 Pac. 302; Chivers v. Board of County Com'rs, 62 Okla. 2, 161 Pac. 822; Phebus v. Search, 264 Fed. 407. I am unable to reconcile the principle of law announced in the majority opinion with the principle of law announced in the decision above cited.

The agreed statement of facts in the instant case admits the officer seized the property while the automobile was being used to convey 75 gallons of whisky; the officer made his return of the seizure to the county court as provided in the statute. The county court set the case for hearing. The plaintiff admitted she had notice; admitted she advised the judge that she did not desire to appear, that the mortgagee of the property would appear for her; that the court heard the evidence, rendered a judgment forfeiting the property to the state, and ordering the property turned over to the county commissioners and sold according to law. Prior to that time this court had never construed the section of the statute and determined whether an automobile was an appurtenance within the meaning of the statute. This court in Glacken v. Andrews, supra, said the county court had jurisdiction to determine the controversy. The majority opinion does not contend otherwise, but says the county court misconstrues the statute, not in regard to the court's jurisdiction, but whether the word "appurtenance" was broad enough to include an automobile: therefore the judgment is void.

The judgment of the county court was, in my opinion, erroneous, based upon a mistake of law, voidable and subject to be reversed upon appeal, but was not void and subject to collateral attack as attempted in the instant case. It is my opinion that the former decisions of this court, together with the federal court and the United States Supreme Court, are all unanimous in their holdings that the judgment under consideration is voidable, but not void, and there are no opinions holding to the contrary.

The majority opinion, in support of the principles of law announced, cited the case of Roth v. Union National Bank of Bartlesville, 58 Okla. 604, 160 Pac. 505. The above case announced the same principle of law that was adhered to in the cases of Winona Oil Co. v. Barnes, 83 Okla. 248, 200 Pac. 981, Oklahoma City v. Oklahoma Natural Gas Co., 80 Okla. 194, 195 Pac. 498, and Title Guaranty & Surety Co. v. Foster, 84 Okla. 291, 203 Pac. 231. In my opinion the judgments in those cases do not support the principle of law announced in the instant case. The principle announced in the above cases was by a court that had jurisdiction of the parties, jurisdiction of the subject-matter, but no jurisdiction to render the particular judgment rendered, not that the court rendered a judgment based upon a mistake of law. The kind and character of a case that comes within the cases above cited is illustrated by Mr. Justice Ramsey in the case of Title Guaranty & Surety Co. v. Foster, wherein he stated:

"A court may have jurisdiction over the parties and over the subject-matter, and yet its particular judgment be void unless it possessed jurisdiction to render that character of judgment. Thus, to illustrate, the district court has jurisdiction in ejectment cases, but a judgment of divorce rendered in an ejectment suit, commenced by the husband against the wife, would be absolutely void because the court had no jurisdiction to render the particular judgment in that case."

In the same opinion he quoted from the case of United States v. Ward, 257 Fed. 372, 168 C. C. A. 412, as follows:

"If a court has jurisdiction of an action on a money demand, it cannot in that action imprison the defendant. If it has jurisdiction of an action for libel, specific performance of a contract cannot be decreed in that action. If it has jurisdiction of an action for the possession of real property, the court cannot in that action probate a will. Such judgment, if rendered, would not be merely erroneous, but absolutely void. Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914: United States v. Walker, 109 U. S. 258, 3 Sup. Ct. 277, 27 L. Ed. 927; Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872.

"The principle invoked is better stated by Justice Swayne in Cornett v. Williams, 20 Wall. 250, 22 L. Ed. 254, as follows: 'That jurisdiction having attached in the original case everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the rights of the parties, unless impeached for fraud.'

"In United States v. Walker, supra, Justice Woods said: 'Although a court may have jurisdiction over the parties and the subject-matter, yet, if it makes a decree which is not within the powers granted to it by the law of its organization, its decree is void.'

"When a court has power to fine only, and it also imprisons, the imprisonment is void. Ex parte Lange, supra."

I am unable to see how the principles of law announced in those cases can have any application to the principle of law announced in the majority opinion.

In the Roth Case, supra, a mortgage executed by a guardian was under consideration. Section 6364, Rev. Laws 1910, authorizes the guardian to mortgage the estate of minors, and then provides as follows:

"Provided, that in no instance shall authority be granted by such judge, to any such administrator or guardian to mortgage such real estate for a greater sum than is necessary to pay the then existing debts and liabilities for which such estate, or any part thereof, is then legally liable to be ordered sold."

The county court found that the debts amounted to approximately $1,300, but made an order permitting the guardian to execute a mortgage for approximately $1,800. This court held the order of the court made in excess of that authorized by statute, and which was especially prohibited by statute, was in excess of the court's jurisdiction and void. That line of decisions have no application, in my judgment, to a case where the court had jurisdiction, and construed an automobile to be an appurtenance. I am unable to conceive how it can be said that a court had to construe that an automobile used in conveying intoxicating liquor was not an appurtenance. I agree it is misconstrued, but I cannot agree a court would have jurisdiction to make such a construction.

It is my judgment that the county court had jurisdiction of the subject-matter of the case, because it was conferred upon the county courts by the statute of this state.

2nd. The county court had jurisdiction of the parties, because the return of the officers was made, and the proper notices given.

3rd. The trial court had a right to decide whether an automobile was an appurtenance within the meaning of the statute.

4th. I admit the judgment of the county court was erroneous, and would have been reversed upon appeal, but the same was not void, and subject to collateral attack as decided in the instant case.

For the reasons stated, I dissent.