Carr, J.
This is an action of tort for the conversion of a DeSoto sedan on December 27, 1935. The defendant’s answer contains a general denial; and allegation of res judicata in. that the issues involved in this action were determined in favor of the defendant in an action of replevin to recover the Chrysler previously brought by this plaintiff against this defendant and an allegation that by bringing the writ of replevin the plaintiff made an election of remedies.
*646 The case was submitted on an agreed statement of facts and certain evidence set forth in the report.
The plaintiff having bargained for the DeSoto sedan, left his Chrysler car at an agreed value and his check presumptively in payment of the balance, and having driven away the DeSoto, the defendant retained no lien upon it.
If on returning the DeSoto two days later (December 2) the plaintiff had been right in his claim of misrepresentation (assuming material misrepresentation) rescission would have taken place and title to the two vehicles returned to their former owners.
If the plaintiff were not right in his assertion of misrepresentation (and subsequent events showed that he was not) no change took place in the general property in the two cars. At best, after the plaintiff stopped payment of the check and returned the DeSoto, the defendant acquired an unpaid seller’s lien on the returned car.
An unpaid seller of personal property has a lien on the goods while retained in his possession when they are sold without stipulation for credit or if the goods are sold on credit and the term of credit has expired. He loses- his lien on giving up possession to the buyer. G. L. (Ter. Ed.) Ch. 106, $$42, 43, 45.
In our case the buyer voluntarily put the seller back in possession and by stopping payment of the check made defendant an unpaid seller. The Sales Act contemplates recapture of the lien in some instances. There seems to be no reason as between buyer and seller why the lien may not be reestablished, cf. Williston Sales, 1st ed. Sec. 511; Williston Contracts 2nd ed. Sec. 886; McAuliffe etc. Co. v. Gallagher, 258 Mass. 215; Vinal v. Spofford, 139 Mass. 126 130.
*647 This is not the case of return of the property to the seller without consent of the buyer, cf. Baker Motor Sales Co. v. Jamaica Pond Garage Co., 15 App. Div. 397 (#125 of this court).
If the defendant’s lien were not reestablished, it is no better off than any creditor who happens to have property of his debtor in his possession with no lien thereon, who must attach to avail himself of the property. Allen v. Megguire, 15 Mass. 490; Jarvis v. Rogers, 15 Mass. 389 414.
For the purpose of this decision, we assume in favor of the defendant that on return of the DeSoto, it acquired a lien on it for the unpaid balance.
By the Sales Act, G. L. (Ter. Ed.) Ch. 106, §49, where the buyer has been in default in the payment of the price an unreasonable time, an unpaid seller having a right of lien may resell the goods; thereafter he shall not be liable to the buyer upon the contract or for any profits made by such resale. It is not essential to the validity of a resale that notice be given the original buyer but except in certain cases not here material, the giving or failure to give such notice shall be relevant in- any issue involving the question whether the buyer has been in default an unreasonable time before the resale.
In the case before us, no notice was given the buyer of the resale. This, as well as other facts, justified a finding that the buyer had not been in default an unreasonable time and that the sale was not warranted. This question was necessarily an issue in the trial of the case. As a finding for the plaintiff imported a finding of all essential subsidiary facts, the finding on this point must have been that the default was not unreasonable and that the sale was not warranted. Adams v. Dick, 226 Mass. 46, 52.
No point was made of this situation by the appellant.
*648 If this is the situation,, the finding that the defendant had converted the plaintiff’s DeSoto sedan was warranted.
Where a bailee exceeds his authority in making a sale of his bailor’s property he exercises a dominion over it inconsistent with the bailor’s title and thereby converts it to his own use. Joyce v. Sage Brothers Co., 206 Mass. 9, 10. And where a bailee with a lien without right sells the bailor’s property he- destroys the lien and converts the property. Williston Sales 1st ed. §516 p. 889; Whitman v. Boston Terminal Refrig. Co., 233 Mass. 386, 391; Saxon Mills v. N. Y. N. H. & H. RR., 214 Mass. 383, 391; Lagg v. Willard, 17 Pick. 140; Briggs v. Boston & Lowell R.R., 6 Allen, 246; Marcotte v. Mass. Security Co., 250 Mass. 246 250; Lancaster v. Stanetsky, 221 Mass. 312, 314.
The measure of damages on conversion by bailee with lien is the fair market value less the amount of the debt for which the goods were held. Whitman v. Boston Terminal Refrig. Co., 233 Mass. 386, 391; Farrar v. Paine, 173 Mass. 58; Briggs v. Boston & Lowell R.R., 6 Allen 246, 253. It is not the difference between the contract price and the market value at the time of the breach (Gen. Laws, Ter. Ed. Ch. 106 §56) as argued by the defendant. That is the rule for breach of contract where the title to the goods has not passed to the buyer; it does not apply in an action of conversion, cf. said chapter §55. On the evidence, the trial judge could have found that the conversion price of $745 was the fair market value and by deducting the debt of $450, for which the lien was held, reached the amount awarded of $295.
Beyond the points disposed of by what has already been said, the defendant raises and argues two objections to plaintiff’s right to recover. The first is that the judgment in the replevin action in favor of the defendant (which was followed by the return to the defendant of the Chrysler *649 car) is res judicata of issues involved in this action for conversion. As he puts it, — “It therefore follows that the court found there was no fraud practiced upon the plaintiff by the defendant, and this finding is conclusive and res adjudicata in the instant case”. In this we agree with him. It does not appear exactly what issues were tried in the replevin proceedings, but the parties are concluded at least on “such issues (as are found) by evidence to have been actually tried and determined and on such issues as by reasoning are essential to and necessarily involved in the former (finding) and judgment”. Foye v. Patch, 132 Mass. 105, 111; cf. Magaw v. Beals, 272 Mass. 334, 338.
By these tests it appears to have been conclusively established by the earlier action that there was no 'material misrepresentation made to the plaintiff entitling him to rescind the contract. We do not attribute the consequences to the establishment of these facts which the plaintiff does. We think that action established that the original contract was valid, that redelivery of the DeSoto to the defendant worked no change in the general title either to the DeSoto or the Chrysler and substantiates the finding that the unauthorized sale of the DeSoto by the defendant was a conversion for which it was liable in damages.
The defendant says that on return of the DeSoto the plaintiff had two remedies which he could follow: — (1) replevin in avoidance of the sale and (2) conversion in affirmance of the sale, and that in choosing replevin in avoidance of the sale, he has made an election of inconsistent remedies and cannot now press the alternate action of conversion. He cites many cases on the subject of election. The principle is clearly stated in one of these namely—Roche v. Gryzmish, 277 Mass. 575. The principle is clear; no more authorities need be' named. But there *650 is another principle equally clear that when a party thinks he has alternate remedies and mistakenly pursues one which did not exist, he is not precluded from resorting to the only one he in fact had. Burke v. Willard, 249 Mass. 313, 317; Snow v. Alley, 156 Mass. 193, 195.
To leave the defendant in this action of tort, with the Chrysler and also with the proceeds of the DeSoto obtained through its own wrongful act, would work an obvious injustice.
Beport dismissed.